19905. PORTER *v.* STERLING PRODUCTS COMPANY.

BROYLES, C. J. 1. This was a suit on an open account, to recover the purchase-price of a certain amount of "Plastic Veneer" (a roofing paint). The defendant in his answer admitted purchasing and receiving the material, but pleaded the breach of an express warranty, the breach of an implied warranty, and fraud in the procurement of the contract of sale. Upon the trial no evidence was adduced which would have authorized a finding that ·the plaintiff expressly warranted the goods, or that he or his agent was guilty of fraud in the procurement of the contract. The court, therefore, properly submitted to the jury, as the sole issue, the question whether there was the breach of an implied warranty by the plaintiff.

2. In the written contract of sale signed by the defendant were the following words: "No representation, agreement or promise of ·the salesman (not appearing on the original of this order), whether verbal or in writing, shall be valid, except when confirmed in writing by the company." The defendant introduced, without objection, evidence as to verbal representations made by the plaintiff's salesman, but there was no evidence that those representations were ever confirmd in writing by the company. Conceding that the name of the article "Plastic Veneer," as used in the written contract, is an ambiguous and ˙uncer-

tain term which does not of itself disclose the character of the material, parol evidence was admissible, not to contradict, add to, or vary the terms of the written contract, but to identify the subject-matter thereof, and to explain what the ambiguous term "Plastic Veneer" meant. *Hartwell Grocery Co.* v. *Mountain City Mill Co.*, 8 *Ga. App.* 727 (70 S. E. 48), and cit. Parol evidence, identifying and explaining the subject-matter of the contract, was admitted, but such evidence, under all the facts of the case, was not legally sufficient to vary the terms of the written contract and to establish an express warranty·on·the part of the plaintiff, or to show fraud in the procurement of the contract.

3. The verdict in favor of the plaintiff was authorized by the evidence, and none of the special assignments of error show cause for a reversal of the judgment.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 13, 1929.

*George S. Carpenter,* for plaintiff in error.
*Sibley & Sibley,* contra.